In the matter of the appeal of EMELINE ROFFE from the order of the Orphans Court of the county of Hudson, dismissing her petition and denying an order to show cause thereon.

---

EMELINE ROFFE, petitioner-appellant,

*v.*

JOHN G. PEPPLER and HENRY W. PEPPLER, individually and as executors of the estate of Barbara Peppler, deceased, defendants-respondents.

[Argued October 26th, 1939. Decided January 25th, 1940.]

*Mr. Joseph Steiner (Mr. Israel B. Greene,* of counsel), for the petitioner-appellant.

*Messrs. Vanderbach & Vanderbach (Mr. John J. Fallon,* of counsel), for the defendants-respondents.

The opinion of the court was delivered by

PORTER, J.

Appellant, Emeline Roffe, appeals from a decree of the Prerogative Court advised by Vice-Ordinary Egan and the

respondents, John G. Peppler and Henry W. Peppler, individually and as executors of the estate of Barbara Peppler, deceased, file a cross-appeal.

It appears that Mrs. Peppler died August 16th, 1934, testate, leaving her estate to her three children, the appellant and respondents, equally. Mrs. Roffe filed a caveat against the probate of the will in the Hudson County Orphans Court charging improper execution of the will, that the testatrix was of unsound mind and that her brothers, the respondents, had unduly influenced testatrix in making the will. The matter was referred by the Orphans Court to an advisory master who heard testimony and reported that in his opinion the will was valid, whereupon the Orphans Court, on August 7th, 1935, admitted it to probate and the respondents qualified as executors. There was also litigation in Chancery between the brothers and sister who charged and counter-charged each other with having unlawfully secured securities from their mother shortly before her death and while she was sick and aged. They claimed the same to be gifts *inter vivos* and assignments of mortgages for valuable consideration.

The decree in that proceeding was appealed and this court, speaking through Mr. Justice Heher, modified the decree by reversing the finding that certain assignments of mortgages by testatrix to John G. Peppler were valid. *Peppler* v. *Roffe, 122 N. J. Eq. 510.* The testimony given by John G. and Henry W. Peppler in the Chancery proceedings were at variance to that given by them in the probate proceedings in matters material to the issues.

Based largely on the testimony disclosed in the Chancery cause Mrs. Roffe thereupon petitioned the Orphans Court for a rehearing in the probate proceedings. The judge of the Orphans Court denied the prayer of the petition and dismissed same. An appeal from that determination was taken to the Prerogative Court and heard by Vice-Ordinary Egan who having heard the Chancery cause above referred to was entirely familiar with all phases of this unfortunate family dispute. He held in a well considered opinion, unreported, in reviewing both the probate and Chancery proceedings, that the testimony given by John G. and Henry W. Peppler was

at variance in the two cases and amounted to fraud; that Mrs. Roffe in her petition for rehearing of the probate case had "presented facts undiscovered at the time of the will contest and which were highly pertinent to the then issue." He consequently reversed the action of the Orphans Court in dismissing the petition for a rehearing. The decree and *remittitur* remitted the record to the Orphans Court "to the end that said court grant to said petitioner, Emeline Roffe, an order to show cause based on her aforesaid petition filed in said court whereby petitioner be afforded adequate opportunity to be heard and present proofs to substantiate said petition on the merits."

It is from the form of this *remittitur* that Mrs. Roffe appeals. Her argument being that as the Prerogative Court heard all of the testimony and in view of its finding the decree should have provided that the decree probating the will be set aside. The respondents in their cross-appeal argue that the appeal should be dismissed and the decree reversed. Dismissal is urged because the record is not printed in full in the state of the case as provided by the rules of the court. In reply appellant says that sufficient of the record was printed for present purposes and that the objection to the abbreviated record comes too late and so was waived. Reversal by respondents is urged on the ground that as appellant received one-third of the estate under the will there could be no undue influence; that the decree of probate is not reviewable because the appeal is untimely, the time for appeal having expired; that the only relief prayed for was reversal.

We conclude the cross-appeal is without merit for the reason that undue influence can be exerted even though the person complaining was provided for in the will, the appeal is timely because of the charge of fraud and newly discovered evidence, the general prayer of the petition is ample for such relief as is required.

We are mindful that there should be an end to wasteful and unnecessary litigation but in view of the fact that counsel for the appellant has chosen to abridge the record we manifestly cannot review testimony which is not before us on which the conclusions of the vice-ordinary were based.

■

We conclude therefore that the decree should be modified to the end that the decree of the Orphans Court admitting the will to probate be reversed, but do conclude, however, that the cause should be remitted for rehearing on the merits and not merely on order to show cause looking toward such rehearing.

' The decree will be modified accordingly.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.